# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

SIRIUS XM RADIO INC.,

           Plaintiff,

      v.

TECHNOLOGY PROPERTIES LTD., PATRIOT
SCIENTIFIC CORP., AND ALLIACENSE LTD.,

           Defendants.

Civil Action No. 09 CIV 4083

**ORAL ARGUMENT
REQUESTED**

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

II.   ARGUMENT ......................................................................................................2

      A.    THE COURT SHOULD DISMISS THIS CASE UNDER FEDERAL
            RULE OF CIVIL PROCEDURE 12(b)(3). ...........................................2

            1.    Venue In A Declaratory Judgment Patent Case Is Controlled By 28
                  U.S.C. § 1391...............................................................................2

            2.    Plaintiff Cannot Carry Its Burden Of Proof Where Defendants
                  Have Not Conducted Sufficient Business Within The Forum To
                  Warrant General Or Specific Personal Jurisdiction. ......................3

                  a.    Defendants Are Not Subject To General Personal
                        Jurisdiction .......................................................................3

                  b.    The California-Based Defendants Are Also Not Subject To
                        Specific Personal Jurisdiction In The Forum....................4

      B.    ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO
            THE NORTHERN DISTRICT OF CALIFORNIA...................................6

            1.    Legal Standard For A Motion To Transfer Under 28 U.S.C. §
                  1404(a). ........................................................................................6

            2.    The Defendants Are Subject To The Personal Jurisdiction In The
                  Northern District Of California Of That Court. ............................7

            3.    The "Interest of Justice" Factors Weigh Heavily In Favor Of
                  Transferring This Case To California. ...........................................7

                  a.    Trial Efficiency Would Be Maximized By Transferring
                        This Case To California. ....................................................8

                  b.    The Northern District of California Is More Convenient For
                        Key Witnesses.....................................................................9

                  c.    The Convenience Of The Parties Weighs In Favor Of
                        Transfer ............................................................................11

                  d.    The Location Of Relevant Documents And The Relative
                        Ease Of Access To Sources Of Proof Is A Neutral Factor In
                        The Age Of E-Discovery. .................................................12

                  e.    The Locus Of Operative Facts Is In The Northern District
                        Of California. ...................................................................12

                  f.    The Availability Of Process To Compel The Attendance Of
                        Unwilling Witnesses And The Relative Means Of The
                        Parties Favor A Transfer Under The §1404 Analysis....................14

g.      Plaintiff's Choice Of Forum Should Be Given Little Deference ......................................................................14

h.      The Forum's Familiarity With The Governing Law Is Neutral In A Patent Case.................................................15

III.      CONCLUSION.......................................................................................16

# TABLE OF AUTHORITIES

## FEDERAL CASES

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*,
   326 F. Supp. 2d 525 (S.D.N.Y. 2004)..................................................................6

*America S.S. Owners Mutual Prot. & Indemnity Association v. Lafarge N. America, Inc.*,
   474 F. Supp. 2d 474 (S.D.N.Y.2007)..................................................................12

*Atlantic Recording Corp. v. Project Playlist, Inc.*,
   603 F. Supp. 2d 690 (S.D.N.Y. 2009)................................................................12

*U.S. Bank National Association v. Ables & Hall Builders*,
   582 F. Supp. 2d 605 (S.D.N.Y. 2008)..................................................................3

*Bayer Schera Pharma AG v. Sandoz, Inc.*,
   No. 08 Civ. 03710 (PGG), 2009 WL 440381 (S.D.N.Y. Feb. 18, 2009) ...........9

*Beacon Enterprises, Inc. v. Menzies*,
   715 F.2d 757 (2d Cir. 1983)..............................................................................4, 5

*Bristol-Myers Squibb Co. v. Andrx Pharmaceuticals, LLC.*,
   2003 WL. 22888804 (S.D.N.Y. Dec. 5, 2003) .................................................13

*Capitol Records, LLC v. Videoegg, Inc.*,
   No. 08 CV 5831, 2009 WL. 614727 (S.D.N.Y. Mar. 9, 2009)........................11

*Citigroup Inc. v. City Holding Co.*,
   97 F. Supp. 2d 549 (S.D.N.Y. 2000)....................................................................6

*Continental Grain Co. v. The FBL-585*,
   364 U.S. 19 (1964)...............................................................................................8

*CutCo Indus. v. Naughton*,
   806 F.2d 361 (2d Cir. 1986................................................................................2

*D.H. Blair & Co. v. Gottdiener*,
   462 F.3d 95 (2d Cir. 2006)..................................................................................6

*ESPN, Inc. v. Quiksilver, Inc.*,
   581 F. Supp. 2d 542 (S.D.N.Y. 2008)...........................................................11, 12

*First City National Bank and Trust Co. v. Simmons*,
   878 F.2d 76 (2d Cir.1989)...................................................................................6

*French Transit v. Modern Coupon System*,
   858 F. Supp. 22 (S.D.N.Y. 1994)........................................................................2

*Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*,
   415 F. Supp. 2d 370 (S.D.N.Y. 2006)....................................................... *passim*

*Graphic Controls Corp. v. Utah Medical Products, Inc.*,
   149 F.3d 1382 (Fed. Cir. 1998)...........................................................................5

*Gulf Insurance Co. v. Glasbrenner,*
    417 F.3d 353 (2d Cir. 2005)................................................................................................2

*Indian Harbor Insurance, Co. v. Factory Mutual Insurance Co.,*
    419 F. Supp. 2d 395 ( S.D.N.Y. 2005)...........................................................................11

*International Sec. Exch., LLC v. Chicago Board Options Exch. Inc.,*
    2007 WL. 1541087 (S.D.N.Y. May 24, 2007) ...............................................................10

*Metlon Corp. v. Dow Chemical Corp.,*
    182 F. Supp. 546 (S.D.N.Y. 1959).....................................................................................2

*Metropolitan Staple Corp. v. Samuel Moore & Co.,*
    278 F. Supp. 85 (S.D.N.Y. 1967).......................................................................................2

*Philips Electric N. America Corp.,*
    43 U.S.P.Q. 2d 1541 .....................................................................................................4, 5

*Pieczenik v. Dyax Corp.,*
    265 F.3d 1329 (Fed. Cir. 2001)...................................................................................3, 4, 5

*Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.,*
    267 F. Supp. 938 (S.D.N.Y. 1967).....................................................................................2

*United States E.P.A. ex rel. McKeown v. Port Authority,*
    162 F. Supp. 2d 173 (S.D.N.Y. 2001).................................................................................2

*In re Volkswagen of America, Inc.,*
    Misc. Docket No. 897, 2009 U.S. App. LEXIS 10883 (Fed. Cir. May 22, 2009)..............8

## STATE CASES

*Ferrante Equip. Co. v. Lasker-Goldman Corp.,*
    26 N.Y.2d 280 (1970) ........................................................................................................4

*Standard Wine & Liquor Co. v. Bombay Spirits Co.,*
    20 N.Y.2d 13 (1967) ..........................................................................................................4

## DOCKETED CASES

*ASUSTeK Computer, et al. v. Technology Properties Limited, et al.,*
    No. 5:08-CV-00884 .........................................................................................................2, 9

*Barco, N.V. v. Technology Properties Limited, et al.,*
    No. 5:08-CV-05398 .........................................................................................................2, 9

*Acer Inc., et al. v. Technology Properties Limited, et al.,*
    No. 5:08-CV-00877 .........................................................................................................1, 8

*HTC Corp., et al. v. Technology Properties Limited, et al.,*
    No. 5:08-CV-00882 .........................................................................................................2, 9

## FEDERAL STATUTES

28 U.S.C.  § 1391 ....................................................................................................2

§1400(b)..........................................................................................2, 7

§1404(a)................................................................................................6

Fed. R. Civ. P.  12(b)(3)  ..................................................................... *passim*

45(b)(2)...........................................................................14

## STATE STATUTES

Cal. Code Civ. Proc. § 410.10 .............................................................7

§ 1989........................................................................14

N.Y. Civ. Prac. Local R. § 301 ........................................................3, 4

§302 ............................................................................4

I.     **INTRODUCTION**

Plaintiff Sirius XM Radio Inc. ("Sirius") filed this declaratory judgment action alleging

that its products do not infringe seven of Technology Properties Limited's ("TPL's") patents.

All three co-defendants are California-based companies (two of which have their headquarters

and principal place of business in the Northern District of California) that do not have sufficient

contacts with the forum to subject them to venue in this Court.  Co-Defendant TPL is a small-

entity patent owner based in the San Francisco Bay Area, involved for over twenty years with the

development, manufacture and marketing of innovative high technology products.  Co-defendant

Patriot Scientific Corporation ("Patriot"), who holds an ownership interest in 5 of the Moore

microprocessor patents at issue in this case, develops and markets software.  Patriot's sole place

of business is in Carlsbad, California.  Co-defendant Alliacense Limited ("Alliacense") is the

licensing arm of TPL, with its sole place of business in Cupertino, California, in the heart of

Silicon Valley.  Collectively, TPL, Patriot and Alliacense are referred to as "Defendants."

TPL and Patriot own patents on several aspects of high speed microprocessor technology

which they developed.  The patents at issue in this case are from two groups of TPL's patents.

Five are part of the family of patents known as the Moore Microprocessor Portfolio patents, or

MMP patents.  Over 60 technology companies, such as Intel, AMD, Hewlett-Packard, and

Nokia, have licensed the technology these five patents disclose and claim.  The remaining two

patents-in-suit are part of TPL's Fast Logic Patent Portfolio, which has been licensed to several

companies.

This Court should dismiss this action because venue is improper pursuant to Federal Rule

of Civil Procedure 12(b)(3).  None of the Defendants have continuous and systematic ties with

New York, nor does this action arise out of Defendants' transaction of business in New York.  In

the alternative, this Court should transfer this action to the Northern District of California so that

this case can proceed before Judge Jeremy Fogel, before whom TPL is already defending three

other cases regarding the five MMP patents at issue here.[1]  This would conserve judicial

---

[1] TPL is currently in litigation regarding the MMP patents in three declaratory judgment actions
in the Northern District of California: *Acer Inc., et al. v. Technology Properties Limited, et al.*,

resources and maximize efficiency by placing the issues common to all of these cases before Judge Fogel and Magistrate Judge Lloyd, who are already becoming familiar with the complex technology and issues in the related litigations.  The availability of witnesses in the Northern District of California, in addition to the fact that the design and development of both the patented invention and the allegedly infringing products took place here, also warrants transfer.

## II.    ARGUMENT

### A.    THE COURT SHOULD DISMISS THIS CASE UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3).

#### 1.    Venue In A Declaratory Judgment Patent Case Is Controlled By 28 U.S.C. § 1391.

On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, "the plaintiff bears the burden of establishing that venue is proper." *French Transit v. Modern Coupon Sys.*, 858 F. Supp. 22, 25 (S.D.N.Y. 1994); *United States E.P.A. ex rel. McKeown v. Port Authority*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001).  Venue in a declaratory judgment action alleging patent invalidity and non-infringement is controlled by the general venue statute, 28 U.S.C. §1391, rather than the special venue provision that ordinarily governs in patent infringement cases, 28 U.S.C. §1400(b).  *See* Docket No. 1 at ¶ 7; *Metropolitan Staple Corp. v. Samuel Moore & Co.*, 278 F. Supp. 85 (S.D.N.Y. 1967); *Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc.*, 267 F. Supp. 938 (S.D.N.Y. 1967); *Metlon Corp. v. Dow Chemical Corp.*, 182 F. Supp. 546 (S.D.N.Y. 1959).  For purposes of determining venue under 28 U.S.C. §1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."[2]

---

No. 5:08-CV-00877; *HTC Corp., et al. v. Technology Properties Limited, et al.*, No. 5:08-CV-00882, and *Barco, N.V. v. Technology Properties Limited, et al.*, No. 5:08-CV-05398.  A fourth declaratory judgment action in the Northern District involving the same patents settled earlier this year.  *See ASUSTeK Computer, et al. v. Technology Properties Limited, et al.*, No. 5:08-CV-00884.

[2] A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of personal jurisdiction. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).  "If the court chooses to rely on pleadings and affidavits, the plaintiff need only make a prima facie showing of [venue]. But if the court holds an evidentiary hearing ... the plaintiff must demonstrate [venue] by a preponderance of the evidence." *Id.* ( quoting *CutCo Indus. v. Naughton*, 806 F.2d 361, 364-65 (2d Cir. 1986)).  "The court may 'consider documents

Sirius can establish venue only by showing that the Defendants are subject to either general or specific personal jurisdiction, and as the following analysis indicates, Sirius cannot show either.

>    **2.      Plaintiff Cannot Carry Its Burden Of Proof Where Defendants Have Not Conducted Sufficient Business Within The Forum To Warrant General Or Specific Personal Jurisdiction.**

>        a.      Defendants Are Not Subject To General Personal Jurisdiction.

Under New York's long-arm statute, general personal jurisdiction is appropriate when the defendant has been doing business in New York consistently and systematically.  N.Y. Civ. Prac. § 301.  Exercising general personal jurisdiction over a defendant is unwarranted if the defendant does not have any facilities, operations, or employees in New York, and is not registered to do business there.  *See* N.Y. Civ. Prac. § 301; *Pieczenik v. Dyax Corp.*, 265 F.3d 1329 (Fed. Cir. 2001) (interpreting New York law and determining that personal jurisdiction is inappropriate absent evidence that defendant has facilities, property, employees, subsidiaries, operations, bank accounts, or telephone listings in New York, or is registered to do business or pays corporate taxes there).  None of the Defendants has an office, employees, or any other business operations or contacts in New York.  TPL is headquartered in Cupertino, California, and has employees in California and London, but it does not have any operations or employees in New York.  Declaration of Daniel E. Leckrone, filed concurrently herewith ("D.E. Leckrone Decl."), ¶ 2.  Alliacense is the licensing arm of TPL, with its sole place of business in the Silicon Valley of California.  And Patriot is a company with its sole place of business in Carlsbad, California.  Declaration of Cliff Flowers, filed concurrently herewith, ¶ 2.

While Sirius argues that TPL's attempts to negotiate with Sirius fall under New York's long-arm statute (*see* June 16, 2009 letter from J. Caplan to Court), the law clearly states the opposite.  In *Philips Electronics North America Corp. v. Maeser*, this Court held that a patentee,

---

referenced in the complaint and documents that are in the plaintiff's possession or that the plaintiff knew of and relied on in bringing suit.'" *U.S. Bank Nat'l Ass'n v. Ables & Hall Builders*, 582 F. Supp. 2d 605, 611 (S.D.N.Y. 2008) (citation omitted).

who resided in the state of Arizona, did not subject himself to jurisdiction under N.Y. C.P.L.R. §302 merely by calling and sending correspondence to a prospective licensee's New York office or counsel.  43 U.S.P.Q.2d 1541, 1542 (S.D.N.Y. 1997).  Even had the parties here successfully negotiated a licensing agreement, it would still not be sufficient to warrant general personal jurisdiction.  *See Pieczenik*, 265 F.3d 1329 (finding that patent owner's agreement with a New York company to license its patents and to provide services for the company did not satisfy New York's long-arm statute permitting exercise of personal jurisdiction based on transaction of business, where the patent owner did not have facilities or property in New York); *see also Standard Wine & Liquor Co. v. Bombay Spirits Co.*, 20 N.Y.2d 13 (1967); *Ferrante Equip. Co. v. Lasker-Goldman Corp.*, 26 N.Y.2d 280 (1970).  Furthermore, the *Philips* Court distinguished Sirius' cited authority, *PDK Labs, Inc. v. Friedlander*, by relying in part on the fact the patentee's agent was based in Illinois and not in New York.  43 U.S.P.Q.2d at 1542.  Similarly here, TPL's negotiations with Sirius were entirely conducted by employees or agents based outside of New York.  *See* D.E. Leckrone Decl. ¶ 2.  Therefore, exercise of general personal jurisdiction is not warranted.

> b.  The California-Based Defendants Are Also Not Subject To Specific Personal Jurisdiction In The Forum.

Specific personal jurisdiction over an out-of-state defendant is appropriate under Section 302(a)(1) of New York's long-arm statute only where both prongs of the statute are met: (1) the defendant's business activities in New York must be activities by which the defendant projects itself into New York in such a way as to purposefully avail itself of the benefits and protections of New York laws, and (2) the plaintiff's cause of action must arise out of that business activity within the state.  N.Y. Civ. Prac. § 302(a)(1); *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 n. 6 (2d Cir. 1983).  Because Defendants' contacts with the forum do not satisfy either of these two prongs, specific personal jurisdiction does not support venue in New York.

Defendants are all out-of-state corporations that have not conducted business activities in New York, and therefore there is no nexus between any forum business activity and the current

action.  Even had the parties agreed to a license, an executed licensing agreement does not establish specific personal jurisdiction, just as it did not establish general personal jurisdiction. *Pieczenik*, 265 F.3d at 1334-35 (in a patent infringement action, patentee's licensing agreement with a New York company did not subject patentee to specific personal jurisdiction, even where the licensing agreement provided for multiple payments over time, absent a showing that the agreement was negotiated or executed in New York).

Defendants' letters to Sirius notifying it that it may need to take a license also do not warrant exercise of specific personal jurisdiction.  *See* Docket No. 1 at ¶¶ 6 and 9.  A letter notifying a New York corporation of its potential infringement and requesting that it take a license establishes neither sufficient transaction of business nor a sufficient nexus between a declaratory judgment action and the New York forum to establish personal jurisdiction under Section 302(a)(1).  The Federal Circuit has held that even cease and desist letters sent to a New York company were "of insufficient quality and degree to be considered the 'transaction of business' under New York law because they do not constitute the purposeful availment by Utah Medical of the benefits and protections of New York laws."  *See Graphic Controls Corp. v. Utah Medical Prods., Inc.*, 149 F.3d 1382, 1387 (Fed. Cir. 1998) (in declaratory judgment action for patent infringement, applying the first prong of Section 302(a)(1) and granting motion to dismiss under Fed. R. of Civ. Proc. 12(b)(3)); *Beacon Enters. Inc.*, 715 F.2d at 766 (sending cease and desist letter to New York was insufficient to constitute the transaction of business in New York); *see also Philips Elec. N. Am. Corp.*, 43 U.S.P.Q.2d 1541 (communications with plaintiff to negotiate a license was neither sufficient to constitute "transacting business" in New York nor to establish the nexus between the contacts and the cause of action); *Beacon Enters. Inc.*, 715 F.2d at 759 (California resident's cease and desist letter to New York company alleging violations of copyright and trademark did not establish the second prong of section 302(a)(1)).  Defendants' letters requesting that Sirius take a license therefore do not subject Defendants to specific personal jurisdiction.

Because there is no general or specific personal jurisdiction over Defendants in this forum, the Complaint should be dismissed under FRCP 12(b)(3) for improper venue.

**B.      ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF CALIFORNIA.**

Even were this Court to decide that venue is properly found in New York, which it is not, the case should still be transferred to California. The Defendants are presently litigating infringement and invalidity issues for five of the seven patents-in-suit in three separate, but related, cases in the Northern District of California.

### 1.      Legal Standard For A Motion To Transfer Under 28 U.S.C. § 1404(a).

District Courts have broad discretion to transfer cases under 28 U.S.C. § 1404(a), based on the convenience of parties and witnesses and the interests of justice. The purpose of this provision is to "prevent waste 'of time, energy and money' and to 'protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 528 (S.D.N.Y. 2004) (citations omitted). A motion to transfer venue involves a two-part inquiry: 1) "whether the action to be transferred might have been brought in the transferee court;" and 2) "whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate." *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (internal quotations omitted). Although the moving party "bears the burden of clearly establishing that these factors favor transfer," (*Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000)) "[d]istrict courts have broad discretion in making determinations of convenience under [§] 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *see also First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir.1989) ("Balancing factors of convenience is essentially an equitable task. For that reason, an 'ample degree of discretion' is afforded to the district courts in determining a suitable forum."). Defendants have met their burden here to show that convenience and the interests of justice weigh heavily in favor of transfer.

### 2.   The Defendants Are Subject To The Personal Jurisdiction In The Northern District Of California Of That Court.

The first prong of the two-part inquiry for deciding motions to transfer venue focuses on "whether the action to be transferred 'might have been brought' in the transferee court." *Fuji*, 415 F. Supp. 2d at 373 (internal citations omitted). Here, there is no question that the case could and should have been brought in the Northern District of California.

First, Defendants are currently litigating three other cases regarding five of the same patents-in-suit before Judge Fogel of the Northern District of California. The judicial economy arguments are readily apparent and TPL has previously consented to jurisdiction in that forum. Second, statutory law provides that "any civil action for patent infringement may be brought in the judicial district where the defendant resides." 28 U.S.C. §1400(b). TPL and Alliacense are corporations resident in the forum and subject to the personal jurisdiction of the Northern District. *See* Declaration of Nan E. Joesten ("Joesten Decl.") filed concurrently herewith, Exh. A [Answer in Barco case]. In addition, Patriot is a corporation that maintains its principal place of business in Southern California. *Id.* California law permits the exercise of jurisdiction to the extent it is consistent with the constitutions of California and the United States. Cal. Civ. Proc. § 410.10. As a resident of California, Patriot is also subject to the personal jurisdiction of the Northern District of California. Thus, this factor weighs heavily in favor of transferring the case to California.[3]

### 3.   The "Interest of Justice" Factors Weigh Heavily In Favor Of Transferring This Case To California.

Under the "interest of justice" prong of the two-part test, this Court considers up to 9 factors in deciding whether to grant a motion to transfer venue: (1) trial efficiency and the interests of justice, (2) the convenience of the witnesses, (3) the convenience of the parties, (4)

---

[3] TPL previously sought to transfer the California litigations to Judge John T. Ward of the Eastern District of Texas for judicial economy reasons because Judge Ward had previously presided over a litigation concerning three of the same Moore microprocessor patents and construed over thirty terms from those three patents. After Judge Fogel of the Northern District of California denied TPL's request to transfer, TPL has proceeded to litigate all three matters in that forum.

the location of relevant documents and the relative ease of access to sources of proof, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the weight accorded to plaintiff's choice of forum, and (9) the forum's familiarity with governing law.  *Fuji*, 415 F. Supp. 2d at 373.  Here, the facts of this case weigh heavily in favor of transfer to the Northern District of California.

        a.       Trial Efficiency Would Be Maximized By Transferring This Case To California.

      To maximize judicial efficiency, this case should be transferred to the Northern District of California and related to the three, separate cases regarding 5 of the same patents-in-suit that are currently pending before Judge Jeremy Fogel.  Indeed, the Federal Circuit has recently addressed this issue and instructed "that the existence of multiple lawsuits involving the same issues is a ***paramount consideration*** when determining whether a transfer is in the interest of justice."  *In re Volkswagen of America, Inc.*, Misc. Docket No. 897, 2009 U.S. App. LEXIS 10883 at \*6 (Fed. Cir. May 22, 2009) (emphasis added).  In *In re Volkswagen*, the patent holder filed two infringement cases in the Eastern District of Texas and was subsequently sued in a declaratory judgment action in the Eastern District of Michigan.  *Id.* at \*2-\*4.  All three cases dealt with the same patents, and the Michigan court transferred the declaratory judgment action to Texas to avoid inconsistent rulings and duplicating judicial resources.  *Id.* at \*4.  The Federal Circuit affirmed the Michigan court's finding that "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  *Id.* at \*6 (*quoting Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1964)).  This Court has also historically recognized "that the existence of a related action pending in the transferee court weighs heavily towards transfer."  *Fuji*, 415 F. Supp. 2d at 376.

      The facts of *In re Volkswagen* are strikingly similar to the facts here.  TPL has been litigating three declaratory judgment actions in the Northern District of California involving the same MMP patents in this case, since 2008.  *See Acer Inc., et al. v. Technology Properties*

*Limited, et al.*, No. 5:08-CV-00877; *HTC Corp., et al. v. Technology Properties Limited, et al.*, No. 5:08-CV-00882, and *Barco, N.V. v. Technology Properties Limited, et al.*, No. 5:08-CV-05398.  In addition, TPL settled a fourth declaratory judgment action involving the same patents in the same forum.  *See ASUSTeK Computer, et al. v. Technology Properties Limited, et al.*, No. 5:08-CV-00884.  All four cases were administratively related with Judge Fogel, and for discovery issues, Magistrate Judge Lloyd.

The parties in the remaining three cases have begun document production, exchanged Preliminary and Final Infringement Contentions under the local rules, and will be filing Joint Claims Construction Statements on June 26.  Joesten Decl., ¶ 3.  Transferring this case to California would conserve many judicial resources as the California court has already decided many procedural issues and become familiar with the Defendants.

Despite the fact TPL was already litigating 5 of the same patents in the Northern District of California and that significant developments had already occurred in that forum, Sirius decided to file its declaratory judgment suit on April 24, 2009, in this district.  With claim construction around the corner in the Northern District of California, the most efficient course of action would be to transfer this case to California.  *See In re Volkswagen*; *see also Bayer Schera Pharma AG v. Sandoz, Inc.*, No. 08 Civ. 03710 (PGG), 2009 WL 440381 at *3-*4 (S.D.N.Y. Feb. 18, 2009) (finding that patent litigation is "notoriously difficult" and that a transfer aids in preserving judicial resources and avoiding inconsistent results).

> b.    The Northern District of California Is More Convenient For Key Witnesses.

Because key witnesses reside in California, this factor favors transfer.  This factor is one of the most important, and must be analyzed by "not merely tally[ing] the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum…[but instead by] qualitatively evaluat[ing] the materiality of the testimony that the witnesses may provide."  *Fuji*, 415 F. Supp. 2d at 373.  Testimony relating to the design and development of both the infringing products and the patented invention, is material.  *Id.* ("The

key issues in a patent infringement suit involve the technology of the inventions claimed in the patents-in-suit."); *see also Int'l Sec. Exch., LLC v. Chicago Bd. Options Exch. Inc.*, 2007 WL 1541087, at *3 (S.D.N.Y. May 24, 2007) (finding named inventor, prosecuting attorney, and non-party witnesses involved in both the development of patented invention and the development of the allegedly infringing system to be key witnesses; their ability to testify in the transferee district meant that this factor strongly favored transfer).

Nearly all of Defendants' key witnesses regarding the development of the patented invention, including one of the named co-inventors, reside in California, which weighs heavily in favor of transfer. *See Fuji*, 415 F. Supp. 2d at 373-74 (fact that all four of defendant Lexar's anticipated witnesses on the design and development of Lexar's Flash memory technology reside in California weighed heavily in favor of transfer to Northern District of California). At least six of TPL's fact witnesses reside within the Northern District of California and a seventh lives in Southern California, disclosed by Defendants in [Acer case]. Joesten Decl., Exh. B [Rule 26(a) Initial Disclosures in *Acer*] at 2-3.

Of these seven California witnesses, four are key to the material technology issues. Charles Moore, one of the named co-inventors and perhaps the most important witness regarding development of the patented inventions, resides in the Northern District. *Id.* George Shaw, a former engineer for Patriot who can testify regarding the early development phases of TPL's invention, also resides in the Northern District. *Id.* Oki Semiconductor Company, a third party with critical knowledge of the efforts to reduce the patented inventions to practice, is based in the Northern District of California. *Id.* Elwood Norris, a former Patriot CEO and key third party witness who can testify about early development efforts, resides in San Diego, California. *Id.*

Because the parties here have not yet exchanged initial disclosures, TPL does not know where Sirius's key fact witnesses reside. However, one third-party witness that Sirius has already identified, flash memory chip supplier Spansion Inc. ("Spansion"), is located in the Northern District of California and will have evidence regarding the material issues of design and development of the allegedly infringing products. *See* Docket No. 1 at ¶ 17 (alleging that

Sirius told Alliacense that Spansion is actually the appropriate entity to pursue as the supplier of the chip purportedly covered by the '212 patent). Thus, the Northern District will be the most convenient forum, for at least one Sirius witness.

All of the witnesses discussed above are third party witnesses except for Charles Moore. The convenience of these critical third party witnesses especially weighs in favor of transfer. "The convenience of non-party witnesses is accorded more weight than that of party witnesses." *Indian Harbor Ins., Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 402 ( S.D.N.Y. 2005). It also stands to reason that because all three Defendants have their principal place of business in California, the Northern District of California is a more convenient forum than New York for Defendants' party witnesses, such as deponents under Federal Rule of Civil Procedure 30(b)(6). *See* Docket No. 1 at ¶¶ 3-5 (Defendants TPL and Alliacense are based in Cupertino, California in the Northern District and Defendant Patriot is based in Carlsbad, California).

                c.      The Convenience Of The Parties Weighs In Favor Of Transfer.

All three Defendants, in addition to key non-party witnesses for both sides, reside in California. This is linked to two factors that weigh in favor of transfer: convenience of witnesses and ability to compel witness attendance. *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 549-50 (S.D.N.Y. 2008) ("The convenience of the parties is often connected to the convenience of their respective witnesses…. [C]ommon sense dictates that when one party's witnesses are severely inconvenienced or, worse yet, unavailable because of an inability to compel attendance, the party itself is severely inconvenienced."). As discussed above, the Northern District of California is a more convenient district for witnesses. Additionally, as discussed below, witness availability will be maximized in the Northern District because all of TPL's fact witnesses, including co-inventor Charles Moore, are subject to the jurisdiction of the Northern District of California and can be compelled to testify at trial there. Conversely, if this case is venued in New York, Defendants' employees may be beyond the subpoena power of the Southern District of New York. *See Capitol Records, LLC v. Videoegg, Inc.*, No. 08 CV 5831, 2009 WL 614727 (S.D.N.Y. Mar. 9, 2009) (granting motion of small company located in Northern California to

transfer venue from the Southern District of New York, and noting that although some witnesses were defendant's employees, they may nonetheless be beyond the Southern District of New York's subpoena power.).

> d.      The Location Of Relevant Documents And The Relative Ease Of Access To Sources Of Proof Is A Neutral Factor In The Age Of E-Discovery.

If this factor does not weigh outright in favor of transfer where Defendants and Plaintiff's third-party chip supplier are, it is at worst neutral.  However, most if not all documents will be exchanged through electronic discovery.  Due to advances in electronic discovery, this Court has recognized the diminished importance of the location of documents, rendering this factor neutral in most recent cases.  *See ESPN*, 581 F. Supp. 2d at 548 ("In an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance than it did formerly."); *see also Atlantic Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009); *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y.2007).  Absent knowledge of any critical evidence that would be difficult to transport, this factor is neutral.  *See ESPN*, 581 F. Supp. 2d at 549.

> e.      The Locus Of Operative Facts Is In The Northern District Of California.

This factor weighs heavily in favor of transfer because conception and reduction to practice of the patented inventions, and the design and development of the allegedly infringing flash memory chips, all occurred in the Northern District.  The design, development, and production of both 1) the patented invention and 2) the allegedly infringing product(s) are operative facts in a patent infringement action.  *Fuji*, 415 F. Supp. 2d at 375 ("Operative facts in a patent infringement action include facts relating to the design, development, and production of a patented product."); *Atlantic Recording Corp.*, 603 F. Supp. 2d at 697 ("In an infringement action, one locus of operative facts is the place where the allegedly-infringing product was designed and developed.").  In *Fuji*, the Court determined that "none of the critical events took place in New York [Plaintiff's chosen forum]," where the allegedly infringing products were

designed, developed, and produced by the Defendant in the Northern District of California [the transferee district] and the prosecution, conception and reduction to practice of the patents-in-suit occurred not in New York, but in Japan.  415 F. Supp. 2d at 375.  As in *Fuji*, none of the critical events giving rise to the claims here took place in New York, because development of both the patented inventions and the allegedly infringing products took place in the Northern District of California.

The facts here are even more persuasive, because the design and development of both the patented invention and the allegedly infringing products took place in the Northern District of California.  First, conception of the patented inventions took place in the Northern District of California.  Charles Moore and his co-inventor Russell Fish conceived of and reduced to practice the inventions that are now a part of the MMP patent portfolio in Mountain View, California, which is in the Northern District.  Joesten Decl., Exh. C ['336 file history].  Additionally, Oki Semiconductor Company, which was involved in the reduction to practice of the patents-in-suit, was and still is located in the Northern District.  *Id.,* Exh. B [TPL's Initial Disclosures from *Acer* case].

 Second, events relating to the design, development, and production of the allegedly infringing products also took place in the Northern District of California.  Although Sirius is headquartered in New York, design and development of the flash memory chips, if not also other potentially infringing chips, took place at Spansion, Sirius's third party chip supplier.  *See* Docket No. 1 at ¶ 15; *Bristol-Myers Squibb Co. v. Andrx Pharmaceuticals, LLC.*, 2003 WL 22888804, at *3 (S.D.N.Y. Dec. 5, 2003) (plaintiffs' selected forum had only a tenuous connection to the operative facts where, although plaintiffs were headquartered in the forum, research and development took place elsewhere).  Sirius attempts to dispute this factor by claiming that its infringing products were developed, used, and/or sold in New York (*see* 6/19/09 Caplan letter to Court), but it is indisputable that Sirius' products are sold all throughout the United States, including in California, via its own website and at retailers like Wal-Mart and Best

Buy.  Joesten Decl. Exh. E.  The locus of operative facts is a "primary factor" in a motion to transfer venue, and here it squarely weighs in favor of transfer.  *Fuji*, 415 F. Supp. 2d at 375.

       f.     The Availability Of Process To Compel The Attendance Of Unwilling Witnesses And The Relative Means Of The Parties Favor A Transfer Under The §1404 Analysis.

All of TPL's fact witnesses are subject to the jurisdiction of the Northern District of California and can be compelled to testify at trial by that forum.  As evident by Defendants' Rule 26(a) initial disclosures served in the pending California cases, six of TPL's witnesses reside within the Northern District of California.  Joesten Decl., Exh. B [Rule 26(a) Initial Disclosures in *Acer*] at 2-3.  In addition, former CEO of Defendant Patriot resides in San Diego, California, and all residents of the State of California are subject to the subpoena power of the Northern District of California under Federal Rules of Civil Procedure 45(b)(2)(c).  *See* Cal. Civ. Proc. §1989 ("A witness … is not obliged to attend as a witness before any court … unless the witness is a resident within the state at the time of service.").  Furthermore, third-party Oki Semiconductor Company, who has knowledge of the efforts to reduce the patented inventions to practice, is based within the jurisdiction of the Northern District of California.  Joesten Decl., Exh. B [Initial Disclosures] at 3.  Because TPL's fact witnesses reside in California, it is financially more burdensome for TPL to litigate this matter in New York and bring all of its witnesses to New York for trial.

Conversely, Sirius is a large corporation with over $580 million in revenue in the first three months of 2009 and about $7.5 billion in assets.  *Id.,* Exh. D [Sirius Mar. 31, 2009 10-Q]. The Defendants are all small privately held California corporations.  The financial burden on Sirius to litigate in California is slight compared to its financial assets.  Even assuming *arguendo* that the balance of Sirius' witnesses reside in the State of New York, the facts that (i) all of TPL's witnesses reside in California, and (ii) Sirius has greater means to litigate in a non-resident forum favor a transfer under the §1404 analysis.

g.     Plaintiff's Choice Of Forum Should Be Given Little Deference.

While the plaintiff's choice of forum is relevant to the §1404 analysis, in this case, this factor should be accorded little weight, where "the locus of operative facts lay elsewhere, plaintiff's choice of forum is "entitled to little deference."" *Fuji*, 415 F. Supp. 2d at 376 (internal citations omitted).  Here, as discussed above, many of the operative facts occurred in the Northern District of California, including the conception, reduction to practice, commercialization efforts, and the prosecution of the patents-in-suit.

h.     The Forum's Familiarity With The Governing Law Is Neutral In A Patent Case.

Patent litigation is governed by federal law, and thus, any district court is equipped to handle patent disputes with equal skill.  *See Fuji*, 415. F. Supp. 2d at 373.  Thus, this factor is neutral in the analysis.

**III.**    **CONCLUSION**

This Court should dismiss this case for improper venue under FRCP 12(b)(3). Alternatively, it should transfer the matter to the Northern District of California, where three cases involving five of the seven patents at issue here are currently pending and where this case can be administered most efficiently and conveniently.

Dated: June 17, 2009

Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

s/ Neil A. Goteiner
Neil A. Goteiner (NG-1644)

235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480
ngoteiner@fbm.com

*Attorneys for Defendants*
*Technology Properties Limited, Patriot*
*Scientific Corporation and Alliacense Limited*