John L. Cooper (State Bar No. 050324)
jcooper@fbm.com
Jeffrey M. Fisher (State Bar No. 155284)
jfisher@fbm.com
Eugene Y. Mar (State Bar No. 227071)
emar@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants
TECHNOLOGY PROPERTIES LIMITED and
ALLIACENSE LIMITED

Charles T. Hoge, Esq. (State Bar No. 110696)
choge@knlh.com
Kirby Noonan Lance & Hoge
35 Tenth Avenue
San Diego, CA 92101
Telephone: (619) 231-8666
Facsimile: (619) 231-9593

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIRIUS XM RADIO, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. C10-00816 EDL<br><br>**ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>The Hon. Elizabeth D. Laporte<br><br>**JURY TRIAL DEMANDED** |

Declaratory judgment defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation ("Patriot"), and Alliacense Limited ("Alliacense") (TPL, Patriot, and Alliacense are collectively referred to herein as "Defendants") hereby answer declaratory

judgment plaintiff Sirius XM Radio, Inc.'s ("Sirius XM" or "Plaintiff") Complaint for Declaratory Judgment ("Complaint"), and counter-claim against Sirius XM as set forth below:

1. Responding to paragraph 1 of the Complaint, Defendants admit that this is a declaratory judgment action pursuant to 28 U.S.C. §§2201 and 2202 arising under the Patent Laws of the United States, 35 U.S.C. §§101, *et seq*. Defendants further admit that Plaintiff attached as Exhibits A-G to the Complaint copies of what appears to be respectively United States Patent Nos. 5,030,853 ("the '853 Patent"); 5,440,749 ("the '749 Patent"); 5,784,584 ("the '584 Patent"); 5,530,890 ("the '890 Patent"); 5,809,336 ("the '336 Patent") as it existed prior to issuance of the reexamination certificate; 6,598,148 ("the '148 Patent"), and 5,247,212 ("the '212 Patent"). Except as so expressly admitted, denied.

## THE PARTIES

2. Responding to paragraph 2 of the Complaint, Defendants admit that Plaintiff represents in its Complaint that it is a corporation organized under the laws of Delaware and has its principal place of business at 1221 Avenue of the Americas, New York, New York 10020. Defendants are without knowledge or information sufficient to form a belief as the truth of the remaining allegations, and therefore deny each and every allegation therein.

3. Responding to paragraph 3 of the Complaint, Defendants admit that TPL maintains its principal place of business at 20400 Stevens Creek Boulevard, Cupertino, CA and that TPL is the co-owner of the '336, '148, '584, '749, and '890 Patents and is the sole owner of the '212 and '853 Patents. Defendants further admit that TPL is a limited liability corporation organized and existing under the laws of the State of California. Except as so expressly admitted, denied.

4. Responding to paragraph 4 of the Complaint, Defendants admit that Patriot is a corporation organized under the laws of the State of Delaware with its principal place of business at 6183 Paseo Del Norte, Suite 180, Carlsbad, California 92011. Defendants further admit that Patriot Scientific Corporation is a co-owner of the '336, '148, '584, '749, and '890 Patents. Except as so expressly admitted, denied.

5. Responding to paragraph 5 of the Complaint, Defendants admit that Alliacense Limited is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business at 20400 Stevens Creek Boulevard, Cupertino, California. Except as so expressly admitted, denied.

**JURISDICTION AND VENUE**

6. Responding to paragraph 6 of the Complaint, admitted.

7. Responding to paragraph 7 of the Complaint, Defendants admit that 28 U.S.C. § 1391(b) generally governs venue in actions in which subject matter jurisdiction is not based solely on diversity of citizenship. Venue in this action is also governed by the order of the District Court for the Southern District of New York which transferred venue to this Court.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

8. Responding to paragraph 8 of the Complaint, Defendants admit the ‘749 Patent, the ‘584 Patent, the ‘336 Patent, the ‘890 Patent, and the ‘148 Patent comprise part of TPL’s and Patriot’s MMP Patent Portfolio, and that the ‘853 Patent and ‘212 Patent comprise part of TPL’s Fast Logic Patent Portfolio. Defendants admit that beginning in April 2008, Alliacense has informed Sirius XM that products made, used, sold, offered for sale, and/or imported into the United States by Sirius XM infringe one or more claims of the MMP and Fast Logic Patent Portfolios and that Alliacense has given Sirius XM an opportunity to obtain a license to those portfolios. Alliacense has informed Sirius XM that if Sirius XM does not license the MMP and Fast Logic Portfolios that Sirius XM may face substantial liability. Except as so expressly admitted, denied.

**A. The MMP Patent Portfolio**

9. Responding to paragraph 9 of the Complaint, Defendants admit that in a letter dated February 13, 2008, Alliacense informed Sirius XM that Alliacense believes that “most all Sirius products that include a microprocessor may need a license to the MMP Portfolio.” Defendants admit that accompanying this letter was a Product Report including claim charts demonstrating how two Sirius XM products are covered by one or more claims of the ‘749 Patent, the ‘584 Patent, and the ‘336 Patent. Except as so expressly admitted, denied.

10. Responding to paragraph 10 of the Complaint, admitted.

11. Responding to paragraph 11 of the Complaint, Defendants admit that a representative of Alliacense met with Sirius XM's outside counsel Mr. William Spatz on March 25, 2009 and discussed Sirius XM's infringement of the '749, '584, and '336 Patents and the fact that Sirius XM may face liability. Alliacense's representative and Sirius XM also discussed litigation between TPL and Patriot and other potential infringers. Defendants admit that Alliacense's representative informed Sirius XM that some of Sirius XM's products are covered by one or more claims of the '890 Patent and that the '148 Patent may also be relevant to the parties' discussions. Except as so expressly admitted, denied.

12. Responding to paragraph 12 of the Complaint, Defendants admit that by a letter dated March 31, 2009, Alliacense transmitted to Sirius XM's counsel updated Product Reports and claim charts demonstrating how additional Sirius XM devices infringe one or more claims from the '336 Patent, the 749 Patent, and the '890 Patent. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegation regarding when Sirius XM received more claim charts and on that basis denies the allegation as to when Sirius XM received the information.

13. Responding to paragraph 13 of the Complaint, denied; as to the '584 Patent and '148 Patent, see paragraph 14 below.

14. Responding to paragraph 14 of the Complaint, Defendants admit there is an actual, substantial and justiciable controversy between the parties as to the '336, '749, and '890 Patents. Defendants further admit that, on March 15, 2010, TPL offered Sirius XM a covenant not to sue on the '584 and '148 Patents and thus deny there is an actual, substantial and justiciable controversy between the parties with regard to these two patents. Except as so expressly admitted, denied.

**B. <u>The Fast Logic Patent Portfolio</u>**

15. Responding to paragraph 15 of the Complaint, Defendants admit that in a letter dated May 29, 2008 that Alliacense stated to Sirius XM that it believed that "most all Sirius Satellite Radio products that include a semiconductor may need a license to the Fast Logic

Portfolio." Defendants admit that the Fast Logic Portfolio includes the '212 Patent. Defendants admit that the letter enclosed a Product Report including claim charts that showed some exemplary Sirius XM products, one of which was also identified as infringing one or more claims from the MMP Patent Portfolio, infringed one or more claims from the '212 Patent. Except as expressly admitted, denied.

16. Responding to paragraph 16 of the Complaint, admitted.

17. Responding to paragraph 17 of the Complaint, Defendants admit that a representative from Alliacense met with Sirius XM on March 25, 2009, discussed the Fast Logic Portfolio, and provided an updated claim chart describing Sirius XM products that are covered by the one or more claims of the '212 Patent. Defendants further admit that Alliacense's representative informed Sirius XM that Sirius XM may infringe the '212 Patent and that the other thirteen patents in the Fast Logic Portfolio may be relevant to the parties' discussions. Defendants admit that, when Sirius XM suggested that Alliacense approach Sirius XM's vendors, Alliacense chose to present Sirius XM with the opportunity to participate and join in Alliacense's MMP and Fast Logic licensing programs. Except as expressly admitted, denied.

18. Responding to paragraph 18 of the Complaint, admitted.

19. Responding to paragraph 19 of the Complaint, denied.

20. Responding to Paragraph 20 of the Complaint, admitted.

**FIRST CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '749 PATENT**

21. Responding to paragraph 21 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1-14 of the Complaint as though fully set forth herein.

22. Responding to paragraph 22 of the Complaint, denied.

**SECOND CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '584 PATENT**

23. Responding to paragraph 23 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1-14 of the Complaint as though fully

set forth herein.

24. Responding to Paragraph 24 of the Complaint, Defendants respond that declaratory judgment jurisdiction for the '584 Patent has been eliminated because they have offered Plaintiff a covenant not to sue on the '584 Patent for any product made, used, sold, offered for sale, or imported into the United States by Plaintiff on or prior to date of the covenant.

**THIRD CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '890 PATENT**

25. Responding to paragraph 25 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1-14 of the Complaint as though fully set forth herein.

26. Responding to paragraph 26 of the Complaint, denied.

**FOURTH CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '336 PATENT**

27. Responding to paragraph 27 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1-14 of the Complaint as though fully set forth herein.

28. Responding to paragraph 28 of the Complaint, denied.

**FIFTH CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '148 PATENT**

29. Responding to paragraph 29 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1-14 of the Complaint as though fully set forth herein.

30. Responding to paragraph 30 of the Complaint, Defendants respond that declaratory judgment jurisdiction for the '148 Patent has been eliminated because they have offered Plaintiff a covenant not to sue on the '148 Patent for any product made, used, sold, offered for sale, or imported into the United States by Plaintiff on or prior to date of the covenant.

**SIXTH CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '212 PATENT**

31. Responding to paragraph 31 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1-8 and 15 through 20 of the Complaint as though fully set forth herein.

32. Responding to paragraph 32 of the Complaint, denied.

**SEVENTH CLAIM**

**DECLARATORY JUDGMENT REGARDING THE '853 PATENT**

33. Responding to paragraph 33 of the Complaint, Defendants hereby repeat and incorporate by reference Defendants' replies to paragraphs 1-8 and 15 through 20 of the Complaint as though fully set forth herein.

34. Responding to paragraph 34 of the Complaint, denied.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants allege and assert the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

1. Plaintiff Sirius XM has infringed the '749, '336, '890, '853, and '212 Patents.

2. The '584, '749, '336, '148, '890, '853, and '212 Patents are valid and enforceable.

3. This court lacks subject matter and declaratory judgment jurisdiction over Plaintiff Sirius XM's Second and Fifth Claims.

**DEFENDANTS TECHNOLOGY PROPERTIES LIMITED'S AND PATRIOT SCIENTIFIC CORPORATION'S COUNTERCLAIMS**

1. This is a civil action for patent infringement. This action is based upon the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.

**PARTIES**

2. Counterclaim Plaintiff Technology Properties Limited ("TPL") is a limited liability corporation organized under the laws of the State of California and maintains its principal place of business in Cupertino, California.

3. Counterclaim Plaintiff Patriot Scientific Corporation ("Patriot") is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in Carlsbad, California.

4. Counterclaim Defendant Sirius XM Radio, Inc. ("Sirius XM") represented in its complaint that it is a Delaware Corporation with its principal place of business in New York, New York and Counter-claimants allege, on information and belief, that Sirius XM's representation is true.

**JURISDICTION**

5. The Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district because Defendant TPL resides in this district and because the Southern District of New York has transferred venue to this Court after Plaintiff Sirius XM initially filed its complaint in that Court.

**GENERAL ALLEGATIONS**

7. On August 8, 1995, United States Patent No. 5,440,749 entitled "High Performance, Low Cost Microprocessor Architecture" was duly and legally issued. All rights and interest in the '749 Patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation to license and enforce the '749 Patent. A true and correct copy of the '749 Patent is attached hereto as Exhibit A.

8. On June 25, 1996, United States Patent No. 5,530,890 entitled "High Performance, Low Cost Microprocessor" was duly and legally issued. All rights and interest in the '890 Patent are co-owned by TPL and Patriot. TPL has the sole and exclusive right and obligation to license and enforce the '890 Patent. A true and correct copy of the '890 Patent is attached hereto as Exhibit B.

9. On September 15, 1998, United States Patent No. 5,809,336 entitled "High Performance Microprocessor Having Variable Speed System Clock" was duly and legally issued. All rights and interest in the '336 Patent are co-owned by TPL and Patriot. TPL has the sole and

exclusive right and obligation to license and enforce the ‘336 Patent. A true and correct copy of the ‘336 Patent is attached hereto as Exhibit C.

10. On July 9, 1991, United States Patent No. 5,030,853, entitled “High Speed Logic and Memory Family Using Ring Segment Buffer” was duly and legally issued. All rights and interest in the ‘853 Patent are owned by TPL. TPL has the sole and exclusive right and obligation to license and enforce the ‘853 Patent. A true and correct copy of the ‘853 Patent is attached hereto as Exhibit D.

11. On February 21, 1995, United States Patent 5,391,949, entitled “Differential Latching Inverter Circuit,” was duly and legally issued. All rights and interest in the ‘949 Patent are owned by TPL. TPL has the sole and exclusive right and obligation to license and enforce the ‘949 Patent. A true and correct copy of the ‘949 Patent is attached hereto as Exhibit E.

12. On September 21, 1993, United States Patent No. 5,247,212, entitled “Complementary Logic Input Parallel (CLIP) Logic Circuit Family” was duly and legally issued. All rights and interest in the ‘212 Patent are owned by TPL. TPL has the sole and exclusive right and obligation to license and enforce the ‘212 Patent. A true and correct copy of the ‘212 Patent is attached hereto as Exhibit F.

**COUNT I**

**(Infringement of U.S. Patent No. 5,440,749)**

13. Paragraphs 1-12 of the Complaint set forth above are incorporated herein by reference.

14. Upon information and belief, Counterclaim Defendant Sirius XM Radio has infringed and continues to infringe the ‘749 Patent by making, selling, using, and/or importing into the United States radios (including but not limited to portable, “plug and play,” and “dock and play” radios), wireless remote controllers, satellite radio receivers, tuners, and printed wiring boards that embody the patented invention under 35 U.S.C. § 271.

15. The Counterclaim Defendant’s acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement

of the ’749 Patent. The Counterclaim Defendant’s infringement of TPL’s and Patriot’s exclusive rights under the ’749 Patent will continue to damage TPL’s and Patriot’s business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

16. TPL and Patriot have given the Counterclaim Defendant written notice of the infringement prior to the commencement of this litigation.

17. TPL and Patriot allege, on information and belief, that the Counterclaim Defendant’s acts of infringement were willful and deliberate.

**COUNT II**

**(Infringement of U.S. Patent No. 5,530,890)**

18. Paragraphs 1-12 of the Complaint set forth above are incorporated herein by reference.

19. Upon information and belief, Counterclaim Defendant Sirius XM has infringed and continues to infringe the ‘890 Patent by making, selling, using, and/or importing into the United States radios (including but not limited to portable and “dock and play” radios), satellite radio receivers and tuners that embody the patented invention under 35 U.S.C. § 271.

20. The Counterclaim Defendant’s acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement of the ‘890 Patent. The Counterclaim Defendant’s infringement of TPL’s and Patriot’s exclusive rights under the ‘890 Patent will continue to damage TPL’s and Patriot’s business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

21. TPL and Patriot have given the Counterclaim Defendant written notice of the infringement prior to the commencement of this litigation.

22. TPL and Patriot allege, on information and belief, that the Counterclaim Defendant’s acts of infringement were willful and deliberate.

**COUNT III**

**(Infringement of U.S. Patent No. 5,809,336)**

23. Paragraphs 1-12 of the Complaint set forth above are incorporated herein by reference.

24. Upon information and belief, Counterclaim Defendant Sirius XM has infringed and continues to infringe the ’336 Patent by making, selling, using, and/or importing into the United States radios (including but not limited to portable, “plug and play,” and “dock and play” radios), satellite radio receivers and tuners that embody the patented invention under 35 U.S.C. § 271.

25. The Counterclaim Defendant’s acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL and Patriot are entitled to recover from the Counterclaim Defendant the damages sustained by TPL and Patriot as a result of the infringement of the ‘336 Patent. The Counterclaim Defendant’s infringement of TPL’s and Patriot’s exclusive rights under the ‘336 Patent will continue to damage TPL’s and Patriot’s business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

26. TPL and Patriot have given the Counterclaim Defendant written notice of the infringement prior to the commencement of this litigation.

27. TPL and Patriot allege, on information and belief, that the Counterclaim Defendant’s acts of infringement were willful and deliberate.

**COUNT IV**

**(Infringement of U.S. Patent No. 5,030,853)**

28. Paragraphs 1-12 of the Complaint set forth above are incorporated herein by reference.

29. Upon information and belief, Counterclaim Defendant Sirius XM has infringed and continues to infringe the ’853 Patent by making, selling, using, and/or importing into the United States radios, satellite radio receivers and tuners that embody the patented invention under 35 U.S.C. § 271.

30. The Counterclaim Defendant's acts of infringement have caused damage to TPL. Under 35 U.S.C. § 284, TPL is entitled to recover from the Counterclaim Defendant the damages sustained by TPL as a result of the infringement of the '853 Patent. The Counterclaim Defendant's infringement of TPL's exclusive rights under the '853 Patent will continue to damage TPL's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

31. TPL has given the Counterclaim Defendant written notice of the infringement prior to the commencement of this litigation.

32. TPL alleges, on information and belief, that the Counterclaim Defendant's acts of infringement were willful and deliberate.

**COUNT V**

**(Infringement of U.S. Patent No. 5,391,949)**

33. Paragraphs 1-12 of the Complaint set forth above are incorporated herein by reference.

34. Upon information and belief, Counterclaim Defendant Sirius XM has infringed and continues to infringe the '949 Patent by making, selling, using, and/or importing into the United States radios (including but not limited to portable, "plug and play," and "dock and play" radios) and satellite radio receivers that embody the patented invention under 35 U.S.C. § 271.

35. The Counterclaim Defendant's acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL is entitled to recover from the Counterclaim Defendant the damages sustained by TPL as a result of the infringement of the '949 Patent. The Counterclaim Defendant's infringement of TPL's exclusive rights under the '949 Patent will continue to damage TPL's business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

36. TPL has given the Counterclaim Defendant prior written notice of the entire Fast Logic Portfolio, including the '949 Patent.

37. TPL alleges, on information and belief, that the Counterclaim Defendant's acts of infringement were willful and deliberate.

**COUNT VI**

**(Infringement of U.S. Patent No. 5,247,212)**

38. Paragraphs 1-12 of the Complaint set forth above are incorporated herein by reference.

39. Upon information and belief, Counterclaim Defendant Sirius XM has infringed and continues to infringe the ’212 Patent by making, selling, using, and/or importing into the United States radios (including but not limited to portable, “plug and play,” and “dock and play” radios), wireless remote controllers, satellite radio receivers and tuners that embody the patented invention under 35 U.S.C. § 271.

40. The Counterclaim Defendant’s acts of infringement have caused damage to TPL and Patriot. Under 35 U.S.C. § 284, TPL is entitled to recover from the Counterclaim Defendant the damages sustained by TPL as a result of the infringement of the ‘212 Patent. The Counterclaim Defendant’s infringement of TPL’s exclusive rights under the ‘212 Patent will continue to damage TPL’s business, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

41. TPL has given the Counterclaim Defendant written notice of the infringement prior to the commencement of this litigation.

42. TPL alleges, on information and belief, that the Counterclaim Defendant’s acts of infringement were willful and deliberate.

**PRAYER FOR RELIEF**

WHEREFORE, TPL and Patriot respectfully request that this Court enter judgment against Counterclaim Defendants as follows:

A. For judgment that Counterclaim Defendant Sirius XM Radio has infringed and continues to infringe the ’749 Patent, the ’890 Patent, the ’336 Patent, the ‘949 Patent, the ‘853 Patent, and the ‘212 Patent;

B. For permanent injunctions under 35 U.S.C. § 283 against Counterclaim Defendant Sirius XM and its directors, officers, employees, agents, subsidiaries, parents, attorneys, and all

persons acting in concert, on behalf of, in joint venture, or in partnership with Counterclaim Defendant from further acts of infringement;

C. For damages, not less than a reasonable royalty, to be paid by Counterclaim Defendant Sirius XM adequate to compensate TPL and Patriot for Sirius XM's infringement, including interests, costs, and disbursements as the Court may deem appropriate under 35 U.S.C. § 284;

D. For judgment finding that Counterclaim Defendant Sirius XM's infringement was willful and deliberate, entitling TPL and Patriot to increased damages under 35 U.S.C. § 284;

E. For judgment finding this to be an exceptional case against Counterclaim Defendant and awarding TPL and Patriot attorneys' fees under 35 U.S.C. § 285; and,

F. For such other and further relief at law and in equity as the Court may deem just and proper.

Dated: March 19, 2010

FARELLA BRAUN & MARTEL LLP

By: *__/s/ John L. Cooper__*
John L. Cooper

Attorneys for Defendant
TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED

Dated: March 19, 2010

KIRBY NOONAN LANCE & HOGE, LLP

By: *__/s/ Charles T. Hoge__*
Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38, TPL and Patriot hereby demand a jury trial on all issues triable by jury.

Dated: March 19, 2010

FARELLA BRAUN & MARTEL LLP

By: *____/s/ John Cooper____*
John L. Cooper

Attorneys for Defendant
TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED

Dated: March 19, 2010

KIRBY NOONAN LANCE & HOGE, LLP

By: *____/s/ Charles T. Hoge____*
Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION