JUSTS KARLSONS, (State Bar No. 42899)
jkarlsons@cbmlaw.com
ERIC J. KNAPP, (State Bar No. 214352)
eknapp@cbmlaw.com
Carroll Burdick & McDonough LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 989-5900
Facsimile: (415) 989-0932

Attorneys for Plaintiff
SIRIUS XM RADIO INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SIRIUS XM RADIO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TECHNOLOGY PROPERTIES LIMITED, PATRIOT SCIENTIFIC CORPORATION, and ALLIACENSE LIMITED,<br><br>Defendants. | Case No. C10-00816 EDL<br><br>**ANSWER AND COUNTERCLAIMS TO DEFENDANTS' COUNTERCLAIMS**<br><br>The Hon. Elizabeth D. Laporte |

Plaintiff Sirius XM Radio Inc. ("Sirius") hereby answers the Counterclaims in the Answer and Counterclaims to Complaint for Declaratory Judgment ("Counterclaims") of defendants Technology Properties Limited ("TPL"), Patriot Scientific Corporation ("Patriot") and Alliacense Limited ("Alliacense") (TPL, Patriot and Alliacense are collectively referred to herein as "Defendants") and counter-claims against Defendants as set forth below:

**ANSWER TO DEFENDANTS' COUNTERCLAIMS**

1. Responding to paragraph 1 of the Counterclaims, Sirius XM admits that this is a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202 arising under the Patent Laws of the United States, 35 U.S.C. §§101, *et seq.* Except as so expressly admitted, denied.

**PARTIES**

2. Responding to paragraph 2 of the Counterclaims, Sirius XM admits that Defendants represent that TPL is a limited liability corporation organized under the laws of the State of California and maintains its principal place of business in Cupertino, California and Sirius XM alleges, on information and belief, that Defendants representation is true. Except as so expressly admitted, denied.

3. Responding to paragraph 3 of the Counterclaims, Sirius XM admits that Defendants represent that Patriot is a corporation organized under the laws of the State of Delaware and maintains its principal place of business in Carlsbad, California and Sirius XM alleges, on information and belief, that Defendants representation is true. Except as so expressly admitted, denied.

4. Responding to paragraph 4 of the Counterclaims, Sirius XM admits that it represented in its complaint that it is a Delaware Corporation with its principal place of business in New York, New York and that its representation is true.

**JURISDICTION**

5. Responding to paragraph 5 of the Counterclaims, admitted.



CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6. Responding to paragraph 6 of the Counterclaims, Sirius XM admits that the Southern District of New York has transferred venue to this Court after Sirius XM initially filed its complaint in that Court. Except as so expressly admitted, denied.

## GENERAL ALLEGATIONS

7. Responding to paragraph 7 of the Counterclaims, Sirius XM admits that United States Patent No. 5,440,749 (the "'749 patent") bears an issue date of August 8, 1995 and is entitled "High Performance, Low Cost Microprocessor Architecture" and that Exhibit A to the Counterclaims appears to be a true and correct copy of the '749 patent, but denies that the '749 patent was duly and legally issued. To the extent the allegations of paragraph 7 of the Counterclaims assert legal conclusions, no answer is required. Sirius XM is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation.

8. Responding to paragraph 8 of the Counterclaims, Sirius XM admits that United States Patent No. 5,530,890 (the "'890 patent") bears an issue date of June 25, 1996 and is entitled "High Performance, Low Cost Microprocessor" and that Exhibit B to the Counterclaims appears to be a true and correct copy of the '890 patent, but denies that the '890 patent was duly and legally issued. To the extent the allegations of paragraph 8 of the Counterclaims assert legal conclusions, no answer is required. Sirius XM is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation.

9. Responding to paragraph 9 of the Counterclaims, Sirius XM admits that United States Patent No. 5,809,336 (the "'336 patent") bears an issue date of September 15, 1998 and is entitled "High Performance Microprocessor Having Variable Speed System Clock" and that Exhibit C to the Counterclaims appears to be a true and correct copy of the '336 patent, but denies that the '336 patent was duly and legally issued. To the extent the allegations of paragraph 9 of the Counterclaims assert legal conclusions, no answer is required. Sirius XM is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation.

10. Responding to paragraph 10 of the Counterclaims, Sirius XM admits that United States Patent No. 5,030,853 (the "'853 patent") bears an issue date of July 9, 1991 and is entitled "High Speed Logic and Memory Family Using Ring Segment Buffer" and that Exhibit D to the Counterclaims appears to be a true and correct copy of the '853 patent, but denies that the '853 patent was duly and legally issued. To the extent the allegations of paragraph 10 of the Counterclaims assert legal conclusions, no answer is required. Sirius XM is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation.

11. Responding to paragraph 11 of the Counterclaims, Sirius XM admits that United States Patent No. 5,391,949 (the "'949 patent") bears an issue date of February 21, 1995 and is entitled "Differential Latching Inverter Circuit" and that Exhibit E to the Counterclaims appears to be a true and correct copy of the '949 patent, but denies that the '949 patent was duly and legally issued. To the extent the allegations of paragraph 11 of the Counterclaims assert legal conclusions, no answer is required. Sirius XM is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation.

12. Responding to paragraph 12 of the Counterclaims, Sirius XM admits that United States Patent No. 5,247,212 (the "'212 patent") bears an issue date of September 21, 1993 and is entitled "Complementary Logic Input Parallel (CLIP) Logic Circuit Family" and that Exhibit F to the Counterclaims appears to be a true and correct copy of the '212 patent, but denies that the '212 patent was duly and legally issued. To the extent the allegations of paragraph 12 of the Counterclaims assert legal conclusions, no answer is required. Sirius XM is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations, and therefore denies each and every such allegation.

## COUNT I

13. Responding to paragraph 13 of the Counterclaims, Sirius XM hereby repeats and incorporates by reference its replies to paragraphs 1-12 of the Counterclaims as though fully set forth herein.

14. Responding to paragraph 14 of the Counterclaims, denied.

15. Responding to paragraph 15 of the Counterclaims, denied.

16. Responding to paragraph 16 of the Counterclaims, Sirius XM admits that Alliacense provided Sirius XM with written documents accusing Sirius XM of infringing the '749 patent. Sirius XM denies all remaining allegations in paragraph 16 and specifically denies that it has infringed any valid and enforceable claim of the '749 patent.

17. Responding to paragraph 17 of the Counterclaims, denied.

## COUNT II

18. Responding to paragraph 18 of the Counterclaims, Sirius XM hereby repeats and incorporates by reference its replies to paragraphs 1-12 of the Counterclaims as though fully set forth herein.

19. Responding to paragraph 19 of the Counterclaims, denied.

20. Responding to paragraph 20 of the Counterclaims, denied.

21. Responding to paragraph 21 of the Counterclaims, Sirius XM admits that Alliacense provided Sirius XM with written documents accusing Sirius XM of infringing the '890 patent. Sirius XM denies all remaining allegations in paragraph 21 and specifically denies that it has infringed any valid and enforceable claim of the '890 patent.

22. Responding to paragraph 22 of the Counterclaims, denied.

## COUNT III

23. Responding to paragraph 23 of the Counterclaims, Sirius XM hereby repeats and incorporates by reference its replies to paragraphs 1-12 of the Counterclaims as though fully set forth herein.

24. Responding to paragraph 24 of the Counterclaims, denied.

25. Responding to paragraph 25 of the Counterclaims, denied.

26. Responding to paragraph 26 of the Counterclaims, Sirius XM admits that Alliacense provided Sirius XM with written documents accusing Sirius XM of infringing the '336 patent. Sirius XM denies all remaining allegations in paragraph 26 and specifically denies that it has infringed any valid and enforceable claim of the '336 patent.

27. Responding to paragraph 27 of the Counterclaims, denied.

**COUNT IV**

28. Responding to paragraph 28 of the Counterclaims, Sirius XM hereby repeats and incorporates by reference its replies to paragraphs 1-12 of the Counterclaims as though fully set forth herein.

29. Responding to paragraph 29 of the Counterclaims, denied.

30. Responding to paragraph 30 of the Counterclaims, denied.

31. Responding to paragraph 31 of the Counterclaims, Sirius XM admits that Alliacense provided Sirius XM with written documents accusing Sirius XM of infringing the '853 patent. Sirius XM denies all remaining allegations in paragraph 31 and specifically denies that it has infringed any valid and enforceable claim of the '853 patent.

32. Responding to paragraph 32 of the Counterclaims, denied.

**COUNT V**

33. Responding to paragraph 18 of the Counterclaims, Sirius XM hereby repeats and incorporates by reference its replies to paragraphs 1-12 of the Counterclaims as though fully set forth herein.

34. Responding to paragraph 34 of the Counterclaims, denied.

35. Responding to paragraph 35 of the Counterclaims, denied.

36. Responding to paragraph 36 of the Counterclaims, Sirius XM admits that Alliacense provided Sirius XM with a letter stating that "most all Sirius products that include a semiconductor may need a license to the Fast Logic Portfolio." Sirius XM denies all remaining allegations in paragraph 36.

37. Responding to paragraph 37 of the Counterclaims, denied.

**COUNT VI**

38. Responding to paragraph 38 of the Counterclaims, Sirius XM hereby repeats and incorporates by reference its replies to paragraphs 1-12 of the Counterclaims as though fully set forth herein.

39. Responding to paragraph 39 of the Counterclaims, denied.

40. Responding to paragraph 40 of the Counterclaims, denied.

41. Responding to paragraph 41 of the Counterclaims, Sirius XM admits that Alliacense provided Sirius XM with written documents accusing Sirius XM of infringing the '212 patent. Sirius XM denies all remaining allegations in paragraph 41 and specifically denies that it has infringed any valid and enforceable claim of the '212 patent.

42. Responding to paragraph 42 of the Counterclaims, denied.

**PRAYER FOR RELIEF**

43. Sirius XM denies that Defendants are entitled to any relief whatsoever from Sirius XM as prayed for in the Counterclaims or otherwise.

**DEMAND FOR JURY TRIAL**

44. Sirius XM admits that Defendants demand trial by jury for all claims for relief pursuant to Federal Rule of Civil Procedure 38.

**SIRIUS XM'S DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

In addition to the defenses described below, Sirius XM specifically reserves the right to allege defenses as they become known through the course of discovery.

**FIRST DEFENSE**

Sirius XM does not infringe and has not infringed any valid and enforceable claim of the '749, '890, '336, '853, '949 and '212 patents.

**SECOND DEFENSE**

One or more of the claims of the '749, '890, '336, '853, '949 and '212 patents are invalid because they fail to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, *inter alia*, §§ 102, 103, and/or 112.

**THIRD DEFENSE**

Defendants are estopped from construing any valid claim of the '749, '890, '336, '853, '949 and '212 patents to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any technology made, used, imported, offered for sale, or sold by Sirius XM in view of prior art, because of admissions or statements made to the United States Patent and Trademark Office ("USPTO") during prosecution of the applications leading to the

issuance of the '749, '890, '336, '853, '949 and '212 patents and/or the USPTO reexaminations thereof, because of disclosure or language in the specifications of the '749, '890, '336, '853, '949 and '212 patents, and/or because of limitations in the claims of the '749, '890, '336, '853, '949 and '212 patents.

## FOURTH DEFENSE

The '749, '890, '336, '853, '949 and '212 patents are unenforceable against Sirius XM by reason of laches and/or estoppel.

## FIFTH DEFENSE

Defendants are not entitled to injunctive relief because any injury to Defendants is neither immediate nor irreparable, and Defendants have an adequate remedy at law for any claims they can prove.

## SIXTH DEFENSE

On information and belief, Defendants have not complied with the requirements of 35 U.S.C. § 287 and are precluded from seeking any recovery for alleged damages prior to the filing of this action.

## SIRIUS XM'S COUNTERCLAIMS TO DEFENDANTS' COUNTERCLAIMS

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, et seq.

## THE PARTIES

2. Plaintiff Sirius XM is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1221 Avenue of the Americas, New York, New York 10020. Sirius XM provides satellite radio services that broadcast over one hundred and thirty channels of entertainment in the continental United States.

3. Upon information and belief, TPL is a corporation organized and existing under the laws of the State of California, having its principal place of business at 10080 North Wolfe Road, Suite SW3190, Cupertino, California 95014. TPL is, on information and belief, a co-owner and/or licensee of the Asserted Patents.



CARROLL, BURDICK & McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4. Upon information and belief, Patriot is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 6183 Paseo Del Norte, Suite 180, Carlsbad, California 92011. Patriot is, on information and belief, a co-owner and/or licensee of the Asserted Patents.

5. Upon information and belief, Alliacense is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20400 Stevens Creek Blvd., Suite 500, Cupertino, CA 95014. Alliacense is, on information and belief, an enterprise of TPL.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Sirius XM's Counterclaims based on 28 U.S.C. §§ 1331 and 1338, and the existence of an actual controversy between the parties under 28 U.S.C. §§ 2201 and 2202.

7. Venue is based on 28 U.S.C. § 1391(b).

**FIRST COUNTERCLAIM**

8. No valid or enforceable claim of the '949 patent is infringed by Sirius XM.

**PRAYER FOR RELIEF**

WHEREFORE, Sirius XM Plaintiff prays for relief as follows:

A. Declaring that no valid or enforceable claim of the '949 patent is infringed by Sirius XM;

B. Declaring that Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert of participation with them be restrained and enjoined from further prosecuting or instituting any action against Sirius XM claiming that the '949 patents is valid, enforceable, or infringed, or from representing that the products of services of Sirius XM infringe the '949 patent;

C. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Sirius XM its attorneys' fees and costs in connection with this case; and

///

///

D. Awarding Sirius XM such other and further relief as the Court deems just and proper.

April 19, 2010

By: */s / Eric J. Knapp*
Eric J. Knapp (State Bar No. 214352)

**CARROLL BURDICK & MCDONOUGH LLP**
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 989-5900
Facsimile: (415) 989-0932
eknapp@cbmlaw.com

Attorneys for Plaintiff
SIRIUS XM RADIO INC.