UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

SIRIUS XM RADIO INC.

             Plaintiff,    :  Case No. C10-00816 JF

                         :  The Hon. Jeremy Fogel

  vs.

TECHNOLOGY PROPERTIES LTD.,  :  **DISCOVERY PLAN**
PATRIOT SCIENTIFIC CORP., and
ALLIACENSE LTD.

            Defendants.

                                 X
--- --- --- --- --- --- --- --- --- --- --- --- --- --- ---

     Plaintiff Sirius XM Radio Inc. and Defendants Technology Properties Ltd., Patriot Scientific Corp. and Alliacense Ltd. (collectively, the "Parties") met and conferred regarding a discovery plan for the above-captioned action and respectfully propose as follows:

     1.     The Parties shall exchange disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before May 27, 2010.

     2.     Documents maintained in electronic form in a Party's ordinary course of business shall be produced in their native electronic format or as single page TIFF images with load files (that indicate the beginning and ending of each document). Documents maintained in paper form in a Party's ordinary course of business shall be produced as single page TIFF images with load files.

3. Plaintiff and Defendants shall respectively be limited to twenty-five (25) interrogatories, one hundred (100) requests for admissions (exclusive of requests for admissions directed to the authenticity or genuineness of documents), and fifteen (15) depositions, absent agreement of the Parties or by order of the Court for good cause shown. Expert depositions and third-party depositions shall not be counted toward the fifteen (15) deposition limit.

4. The Parties shall meet and confer regarding the format of e-mail production and the scope of the search terms to be used.

5. Draft expert reports shall not be discoverable and an expert's notes and communications with counsel shall not be discoverable unless the notes or communications contain information relied on by the expert in reaching an opinion.

6. Service shall be by e-mail with a confirmation copy by first class mail and shall be deemed equivalent to service by hand for all purposes.

7. The parties are meeting and conferring regarding the scope of privilege logs in this case. The parties have discussed excluding documents created after the start of the litigation between Sirius and TPL in 2009 from privilege logs. Defendants have further proposed that documents relating to the patents-in-suit and created during the pendency of any litigation concerning the patents-in-suit do not need to be logged as well. The parties will continue to meet and confer in hopes of reaching an agreement.

8. The Parties shall meet and confer to discuss whether the protective order entered in *Acer, et al. v. Technology Properties Ltd., et al.* Case No. 08-0877 JF and *HTC v. Technology Properties Ltd., et al.*, Case No. 08-0882 JF is appropriate for this matter as well.

Dated June 1, 2010

KRAMER LEVIN

By: /s/ William J. Spatz
William J. Spatz

Attorneys for Plaintiff
SIRIUS XM RADIO INC.

FARELLA BRAUN & MARTEL LLP

By: /s/ John Cooper
John Cooper

Attorneys for Defendant
TECHNOLOGY PROPERTIES LIMITED and ALLIACENSE LIMITED

KIRBY NOONAN LANCE & HOGE, LLP

By: /s/ Charles T. Hoge
Charles T. Hoge

Attorneys for Defendant
PATRIOT SCIENTIFIC CORPORATION